FILED by **YH** D.C.

Dec 21, 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. – MIAMI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. **18-20989-CR-WILLIAMS/TORRES**

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 1957
18 U.S.C. § 670(a)(6)
18 U.S.C. § 670(a)(1)
18 U.S.C. § 982(a)(1)
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

**RAOUL DOEKHIE,**
**JOHNNY GROBMAN,**
**SHERIDA NABI, and**
**EDGAR TORRES,**

Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times material to this Indictment:

1.     The U.S. Food and Drug Administration ("FDA") was an agency of the United States Government charged with the responsibility of protecting the American public by ensuring, among other things, that food, drugs, and medical devices distributed in the United States are safe and bear labeling containing true and accurate information. The FDA did so by enforcing the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 *et seq.*

2.     Infant formula was regulated by the FDA as a food. Because infant formula often is the sole source of nutrition for a vulnerable population during a critical period of growth and

development, it is also subject to other statutory and regulatory requirements, in addition to those applicable to regular foods.  Among other things, manufacturers of infant formula must comply with current good manufacturing practices and must retain certain records related to the distribution of infant formula necessary to effect and monitor recalls of infant formula.  When infant formula is obtained through fraud or deception and not distributed in accordance with representations made to the manufacturer, the ability to conduct effective recalls, if necessary, may be disrupted.

3.      In addition, because of concerns that certain medical products can become ineffective or harmful if not properly handled or stored, federal law imposes criminal penalties on those who obtain pre-retail medical products, including infant formula, by fraud or deceit.

## DEFENDANTS

4.      Defendant **RAOUL DOEKHIE** was a citizen of the Netherlands, with a residence located in Broward County, Florida.  **DOEKHIE** presented himself as the Director of Tropical Marketing & Distribution N.V. ("Tropical"), which was a business with its principal place of business located in Paramaribo, Suriname.  **DOEKHIE** established personal bank accounts in his name and corporate bank accounts for Tropical at various banks in Miami-Dade County, including Bank of America and Regions Bank.

5.      Defendant **JOHNNY GROBMAN** was a resident of Miami-Dade County, Florida, and presented himself as the manager for Nutrisource I, LLC ("Nutrisource").  **GROBMAN** was also an  employee of J Trading, LLC ("J Trading"), whose corporate documents list its registered agent as Vejota Holdings LLC.  In corporate documents, Vejota Holdings LLC lists **GROBMAN** as its manager.  Vejota Holdings LLC, Nutrisource, and J Trading's corporate documents show the same address in Aventura, Florida, as its principal address.  **GROBMAN** also established

2

personal bank accounts and investment accounts in his name and corporate bank accounts for Nutrisource and J Trading at various banks in Miami-Dade County, including Bank of America, Merrill Lynch, and UBS.

6.     Defendant **SHERIDA NABI** was a citizen of the Netherlands, with a residence located in Broward County, Florida, and presented herself as the Sales and Marketing Manager of Tropical.  **NABI** established personal bank accounts in her name and corporate bank accounts for Tropical at various banks in Miami-Dade County, including Bank of America and Regions Bank.

7.     Defendant **EDGAR TORRES** was a resident of Branford, Florida, and the president and registered agent of Le Mare Transport, Inc. ("Le Mare").  In corporate documents, Le Mare listed its principal address in Medley, Florida.  **TORRES** also presented himself as the president and registered agent of T/Y Int'l, Inc. ("T/Y Int'l"), whose principal address was in Branford, Florida.  **TORRES** established personal bank accounts in his name and corporate bank accounts for Le Mare and T/Y Int'l at various banks in Miami-Dade County and elsewhere, including Bank of America and Ameris Bank.

### COUNT 1
### Conspiracy to Commit Wire Fraud
### (18 U.S.C. § 1349)

1.     Paragraphs 1 through 7 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2.     From at least as early as in or around March 2013, the exact date being unknown to the Grand Jury, through in or around the date of the Indictment, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**RAOUL DOEKHIE,**
**JOHNNY GROBMAN,**
**SHERIDA NABI, and**
**EDGAR TORRES,**

3

did knowingly and willfully, that is, with the intent to further the object of the conspiracy, combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

3.      It was the purpose of the conspiracy for the defendants and their co-conspirators to unjustly enrich themselves by obtaining FDA-regulated consumer goods, that is, infant formula, at deeply discounted prices from a manufacturer of infant formula (the "Victim Company") by falsely and fraudulently informing it that the infant formula was for distribution and use outside of the United States (i.e., "for export only"), when, in fact, the defendants intended to, and did, sell the infant formula at a substantial profit and for their own enrichment to wholesalers, distributors, and others in the United States.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4.      **SHERIDA NABI** and **RAOUL DOEKHIE** entered into a distribution agreement with the Victim Company and made false and fraudulent representations to the Victim Company,

4

including representations that they sought to purchase the Victim Company's infant formula exclusively for distribution and use abroad, specifically, in Suriname.

5.      The Victim Company relied on **SHERIDA NABI** and **RAOUL DOEKHIE's** representations and sold the infant formula to the defendants at deeply discounted prices.

6.      **RAOUL DOEKHIE, JOHNNY GROBMAN, SHERIDA NABI,** and **EDGAR TORRES,** and other co-conspirators arranged for the diversion of infant formula purchased from the Victim Company.

7.      At times, **RAOUL DOEKHIE, JOHNNY GROBMAN, SHERIDA NABI,** and **EDGAR TORRES,** and other co-conspirators arranged for the infant formula to be shipped abroad and then immediately shipped back to the United States, to be distributed within the United States.

8.      At other times, **RAOUL DOEKHIE, JOHNNY GROBMAN, SHERIDA NABI,** and **EDGAR TORRES,** and other co-conspirators arranged for the infant formula to be diverted directly to locations within the United States, and "dummy" shipments were exported instead, in order to generate export documentation to provide to the Victim Company.

9.      **JOHNNY GROBMAN** on behalf of Nutrisource and **EDGAR TORRES** on behalf Le Mare paid **SHERIDA NABI** and **RAOUL DOEKHIE** on behalf of Tropical in United States currency for the diverted infant formula.

10.     After the products were diverted, **JOHNNY GROBMAN** on behalf of J Trading and Nutrisource and **EDGAR TORRES** on behalf of Le Mare sold the infant formula to distributors in the United States.

11.    The defendants and their co-conspirators effectuated their fraudulent scheme through the use of interstate and foreign wires, specifically, through interstate and foreign wire transfers and e-mail communications.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-5
### Wire Fraud
### (18 U.S.C. § 1343)

1.    Paragraphs 1 through 7 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2.    From at least as early as in or around March 2013, the exact date being unknown to the Grand Jury, through in or around the date of the Indictment, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**RAOUL DOEKHIE,
SHERIDA NABI, and
EDGAR TORRES,**

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE SCHEME AND ARTIFICE

3.    The purpose of the scheme and artifice was for the defendants and their accomplices to unjustly enrich themselves by obtaining infant formula at deeply discounted prices from the

manufacturer of infant formula by falsely and fraudulently informing it that the infant formula was for distribution and use outside of the United States, when, in fact, the defendants intended to, and would, sell the infant formula at a substantial profit and for their own enrichment to wholesalers, distributors, and others in the United States.

## SCHEME AND ARTIFICE

4.      Paragraphs 4 through 11 of the Manner and Means section of Count 1 of this Indictment are re-alleged and incorporated by reference herein as the description of the scheme and artifice.

## USE OF WIRES

5.      On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants, as specified in each count below, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds:

| Count | Date | Defendants | Wire |
|---|---|---|---|
| 2 | February 15, 2017 | **RAOUL DOEKHIE, SHERIDA NABI, and EDGAR TORRES,** | E-mail transmission from **EDGAR TORRES** in Miami-Dade County, Florida, to **SHERIDA NABI, RAOUL DOEKHIE,** and another individual, in a place outside the United States, containing photographs and documents regarding shipments of infant formula. |

| | | | |
|---|---|---|---|
| 3 | June 22, 2017 | **RAOUL DOEKHIE, SHERIDA NABI, and EDGAR TORRES,** | E-mail transmission from **EDGAR TORRES** in Miami-Dade County, Florida, to **SHERIDA NABI, RAOUL DOEKHIE,** and another individual, in a place outside the United States, regarding containers of infant formula being prepared for transport, including attached invoices and a distribution warehouse receipt. |
| 4 | August 16, 2017 | **RAOUL DOEKHIE, SHERIDA NABI, and EDGAR TORRES,** | E-mail transmission from **EDGAR TORRES** in Miami-Dade County, Florida, to **SHERIDA NABI, RAOUL DOEKHIE,** and another individual, in a place outside the United States, containing loading guides depicting the shipments of both infant formula and sheet rock, and pickup orders for containers of infant formula. |
| 5 | September 22, 2017 | **RAOUL DOEKHIE, SHERIDA NABI, and EDGAR TORRES,** | E-mail transmission from **EDGAR TORRES** in Miami-Dade County, Florida to **SHERIDA NABI, RAOUL DOEKHIE,** and another individual, in a place outside the United States, regarding containers of infant formula being prepared for transport, including an attached invoice and multiple bills of lading. |

In violation of Title 18, United States Code, Sections 1343 and 2.

**COUNTS 6-23**
**Money Laundering**
**(18 U.S.C. § 1957)**

On or about the dates enumerated below as to each defendant, in Miami-Dade County, in the Southern District of Florida, and elsewhere,

**RAOUL DOEKHIE,**
**JOHNNY GROBMAN,**
**SHERIDA NABI, and**
**EDGAR TORRES,**

did knowingly engage in and attempt to engage in monetary transactions affecting interstate and

foreign commerce, by, through, and to a financial institution, in criminally derived property of a

value greater than $10,000, such property having been derived from a specified unlawful activity,

and knowing that the property involved in the financial transactions represented the proceeds of

some form of unlawful activity, as more particularly described in each count below:

| Count | Defendant(s) | Approx. Date of Transaction | Approximate Amount | Financial Transaction |
|---|---|---|---|---|
| 6 | **JOHNNY GROBMAN** | October 2, 2014 | $350,000 | Electronic wire transfer from J Trading's Bank of America ("BoA") account ending in 3375 to Grobman's UBS account ending in 9121 |
| 7 | **JOHNNY GROBMAN** | August 26, 2015 | $150,000 | Electronic wire transfer from J Trading's BoA account ending in 3375 to Grobman's UBS account ending in 9123 |
| 8 | **JOHNNY GROBMAN** | January 20, 2016 | $1,000,000 | Electronic wire transfer from J Trading's BoA account ending in 3375 to Grobman's UBS account ending in 9122 |
| 9 | **JOHNNY GROBMAN** | January 13, 2017 | $372,900 | Electronic wire transfer from Nutrisource's BoA account ending in 0268 to Nutrisource's BoA account ending in 9476 |

| Count | Defendant(s) | Approx. Date of Transaction | Approximate Amount | Financial Transaction |
|-------|--------------|------------------------------|---------------------|------------------------|
| 10 | JOHNNY GROBMAN | February 1, 2017 | $3,246,156.25 | Electronic wire transfer from Grobman's BoA mortgage account ending in 3075 to Grobman's UBS Bank USA mortgage account ending in 3377, for the real property located at 100 Golden Beach Drive, Golden Beach, Florida |
| 11 | JOHNNY GROBMAN | June 14, 2017 | $300,000 | Electronic wire transfer from Nutrisource's BoA account ending in 0268 to Vejota Holdings LLC's BoA account ending in 9463 |
| 12 | EDGAR TORRES | June 27, 2017 | $64,687.50 | Electronic wire transfer from Le Mare's BoA account ending in 0484 to Torres' Ameris account ending in 5990 |
| 13 | JOHNNY GROBMAN | June 28, 2017 | $324,281.97 | Electronic wire transfer from J Trading's BoA account ending in 3375 to J Trading's UBS account ending in 3918 |
| 14 | JOHNNY GROBMAN | August 2, 2017 | $1,650,000 | Electronic wire transfer from Grobman's BoA account ending 3836 to his Merrill Lynch account ending 3274 |
| 15 | RAOUL DOEKHIE and SHERIDA NABI | October 31, 2017 | $80,000 | Electronic wire transfer from Tropical's Regions Bank account ending in 2316 to Doekhie and Nabi's BoA account ending in 9650 |

| Count | Defendant(s) | Approx. Date of Transaction | Approximate Amount | Financial Transaction |
|---|---|---|---|---|
| 16 | RAOUL DOEKHIE and SHERIDA NABI | November 1, 2017 | $80,000 | Electronic wire transfer from Doekhie and Nabi's BoA account ending in 9650 to their BoA account ending in 4558 |
| 17 | JOHNNY GROBMAN | December 19, 2017 | $300,000.00 | Electronic wire transfer from J Trading's BoA account ending in 3375 to Grobman's BoA account ending in 3836 |
| 18 | EDGAR TORRES | April 6, 2018 | $400,000.00 | Electronic wire transfer from T/Y Int'l's BoA account ending in 7691 to its Ameris account ending in 9843 |
| 19 | EDGAR TORRES | June 8, 2018 | $570,373.49 | Electronic wire transfer from T/Y Int'l's BoA account ending in 7691 to its Ameris account ending in 3950 |
| 20 | EDGAR TORRES | June 12, 2018 | $570,400.52 | Electronic wire transfer from T/Y Int'l's Ameris account ending in 3950 to its Ameris account ending in 5233 |
| 21 | EDGAR TORRES | July 19, 2018 | $100,000 | Electronic wire transfer from T/Y Int'l's Ameris account ending in 9843 to Torres' Ameris account ending in 5552 |
| 22 | EDGAR TORRES | July 19, 2018 | $100,000 | Electronic wire transfer from T/Y Int'l's Ameris account ending in 9843 to Torres' Ameris account ending in 5560 |
| 23 | EDGAR TORRES | July 19, 2018 | $100,000 | Electronic wire transfer from T/Y Int'l's Ameris account ending in 9843 to Torres' Ameris account ending in 5578 |

It is further alleged that the specified unlawful activity is conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349, and wire fraud, in violation of Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Sections 1957 and 2.

### Count 24
### Conspiracy to Obtain by Fraud and Deception Pre-Retail Medical Products
### (18 U.S.C. §670(a)(6))

1.     Paragraphs 1 through 7 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2.     From in or around March 2013, the exact date being unknown to the Grand Jury, through in or around the date of the Indictment, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**RAOUL DOEKHIE,**
**JOHNNY GROBMAN,**
**SHERIDA NABI, and**
**EDGAR TORRES,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury, to obtain by fraud and deception pre-retail medical products, with a value of $5,000 or greater, that is, infant formula, in and using a means or facility of interstate and foreign commerce, in violation of Title 18, United States Code, Section 670(a)(6) and (a)(1).

### Counts 25-32
### Theft of Pre-Retail Medical Products
### (18 U.S.C. § 670(a)(1))

1.     Paragraphs 1 through 7 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2.      On or about the dates specified as to each count below, in Miami-Dade and Broward

Counties, in the Southern District of Florida, and elsewhere, the defendants,

**RAOUL DOEKHIE and
SHERIDA NABI,**

did obtain by fraud and deception pre-retail medical products, with a value of $5,000 or greater,

that is, infant formula, in and using a means or facility of interstate and foreign commerce:

|     |     |
| --- | --- |
| 25  | January 11, 2017 |
| 26  | January 17, 2017 |
| 27  | February 17, 2017 |
| 28  | March 3, 2017 |
| 29  | March 15, 2017 |
| 30  | April 27, 2017 |
| 31  | May 17, 2017 |
| 32  | June 14, 2017 |

In violation of Title 18, United States Code, Sections 670(a)(1) and 2.

## FORFEITURE ALLEGATIONS

1.      The allegations of Counts 1 through 32 of this Indictment are re-alleged and by this

reference fully incorporated herein for the purpose of alleging forfeiture to the United States of

America of certain property in which the defendants have an interest.

2.      Upon conviction of any violation of Title 18, United States Code, Section 1343 or

1349, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code,

Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds

traceable to the offense.  The property subject to forfeiture pursuant to Title 18, United States

Code, Section 981(a)(1)(C) includes, but is not limited to:

        a. a forfeiture judgment equal to the amount of proceeds traceable to the offense
           for each defendant, to be at least:

           i. $61,507,358.62 for **JOHNNY GROBMAN**;

       ii.  $54,954,340.31 for **RAOUL DOEKHIE** and **SHERIDA NABI**; and

      iii.  $9,453,461.95 for **EDGAR TORRES**;

b. Bank of America account number 5497783375 in the name of J Trading LLC;

c. Regions Bank account number 224282316 in the name of Tropical Marketing and Distribution of Suriname LLC;

d. Bank of America account number 3770050484 in the name of Lemare Transport Inc; and

e. Bank of America account number 898052400268 in the name of Nutrisource LLC.

3.      Upon conviction of any violation of Title 18, United States Code, Section 1957, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the offense, or any property traceable to such property. The property subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1) includes, but is not limited to, the following:

a. Real property located at 100 Golden Beach Drive, Golden Beach, Florida 33160;

b. Merrill Lynch account number 71-572-13274 in the name of Johnny Grobman;

c. UBS Financial Services account number SR 09121 SD in the name of Johnny Grobman and Noemi Geller;

d. UBS Financial Services account number SR 09122 SD in the name of Johnny Groman and Noemi Geller;

e. UBS Financial Serices account number SR 09123 SD in the name of Johnny Grobman and Noemi Geller;

f. UBS Financial Services account number SR 33918 SD in the name of J Trading LLC;

g. Bank of America account number 898040983836 in the name of Johnny Grobman and Noemi A. Geller;

h. Bank of America account number 898052399476 in the name of Nutrisource LLC;

i. Bank of America account number 898052399463 in the name of Vejota Holdings LLC;

j. Bank of America account number 55501909650 in the name of Raoul I. Doekhie and Sherida S. Nabi;

k. Bank of America account number 898045994558 in the name of Raoul I. Doekhie;

l. Ameris Bank account number 2048815233 in the name of T/Y International Inc;

m. Ameris Bank account number 3123659843 in the name of T/Y International Inc;

n. Ameris Bank account number 5310323950 in the name of T/Y International;

o. Ameris Bank account number 4001695552 in the name of Edgar A. Torres;

p. Ameris Bank account number 4001695560 in the name of Edgar A. Torres;

q. Ameris Bank account number 4001695578 in the name of Edgar A. Torres; and

r. Ameris Bank account number 1029145990 in the name of Edgar A. Torres.

4.    If the property described above as being subject to forfeiture, as a result of any act or omission of defendants cannot be located upon the exercise of due diligence;

(1) has been transferred or sold to, or deposited with, a third party;

(2) has been placed beyond the jurisdiction of the court;

(3) has been substantially diminished in value; or

(4) has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

All pursuant to Title 18, United States Code, Sections 982(a)(1) and 981(a)(1)(C), and the procedures set forth in Title 21, United States Code, Section 853, made applicable by and Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

_____
FOREPERSON

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

_____
SHANNON SHAW
ASSISTANT UNITED STATES ATTORNEY

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY\***

**Raoul Doekhie, et al.**

_____ Defendants. _____/

**Superseding Case Information:**

Court Division: (Select One)

| | | | New defendant(s) | Yes _____ | No _____ |
| ✓ | Miami | ___ Key West | Number of new defendants | _____ | |
| ___ | FTL | ___ WPB ___ FTP | Total number of counts | _____ | |

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:  (Yes or No)    No
   List language and/or dialect  _____

4. This case will take __10__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

| | (Check only one) | | | (Check only one) | |
|---|---|---|---|---|---|
| I | 0 to 5 days | _____ | Petty | _____ | |
| II | 6 to 10 days | ✓ | Minor | _____ | |
| III | 11 to 20 days | _____ | Misdem. | _____ | |
| IV | 21 to 60 days | _____ | Felony | ✓ | |
| V | 61 days and over | _____ | | | |

6. Has this case previously been filed in this District Court?   (Yes or No)   No
   If yes: Judge _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?   Yes _____   No ✓

8. Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes _____   No ✓

_____

Shannon Shaw
Assistant United States Attorney
FL Bar No. 92806

\*Penalty Sheet(s) attached

REV 8/13/2018

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**   **RAOUL DOEKHIE**

**Case No:**

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalties:** 20 Years' Imprisonment

Counts #: 2-5

Wire Fraud

Title 18, United States Code, Section 1343

**\*Max. Penalties:** 20 Years' Imprisonment

Counts #: 15 & 16

Money Laundering

Title 18, United States Code, Section 1957

**\*Max. Penalties:** 15 Years' Imprisonment

Count #: 24

Conspiracy to obtain by fraud and deception pre-retail medical products

Title 18, United States Code, Section 670(a)(6)

**\*Max. Penalties:** 15 Years' Imprisonment

Counts #: 25-32

Theft of pre-retail medical products

Title 18, United States Code, Section 670(a)(1)

**\*Max. Penalties:** 15 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**   **JOHNNY GROBMAN**

**Case No:**

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalties:** 20 Years' Imprisonment

Counts #: 6-11, 13 & 14, 17

Money Laundering

Title 18, United States Code, Section 1957

**\*Max. Penalties:** 15 Years' Imprisonment

Count #: 24

Conspiracy to obtain by fraud and deception pre-retail medical products

Title 18, United States Code, Section 670(a)(6)

**\*Max. Penalties:** 15 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** **SHERIDA NABI**

**Case No:**

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalties:** 20 Years' Imprisonment

Counts #: 2-5

Wire Fraud

Title 18, United States Code, Section 1343

**\*Max. Penalties:** 20 Years' Imprisonment

Count #: 15 & 16

Money Laundering

Title 18, United States Code, Section 1957

**\*Max. Penalties:** 15 Years' Imprisonment

Count #: 24

Conspiracy to obtain by fraud and deception pre-retail medical products

Title 18, United States Code, Section 670(a)(6)

**\*Max. Penalties:** 15 Years' Imprisonment

Counts #: 25-32

Theft of pre-retail medical products

Title 18, United States Code, Section 670(a)(1)

**\*Max. Penalties:** 15 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**   **EDGAR TORRES**

**Case No:**

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalties:** 20 Years' Imprisonment

Counts #: 2-5

Wire Fraud

Title 18, United States Code, Section 1343

**\*Max. Penalties:** 20 Years' Imprisonment

Counts #: 12, 18-23

Money Laundering

Title 18, United States Code, Section 1957

**\*Max. Penalties:** 20 Years' Imprisonment

Count #: 24

Conspiracy to obtain by fraud and deception pre-retail medical products

Title 18, United States Code, Section 670(a)(6)

**\*Max. Penalties:** 15 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**