UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20989-CR-RKA

UNITED STATES OF AMERICA

v.

EDGAR TORRES,

    Defendant.
_____/

### PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and EDGAR TORRES (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with a conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349. The United States agrees to dismiss Counts 2–5, 12, and 18–24 of the Indictment as to this defendant after sentencing.

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other

statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that as to Count 1, the Court may impose a maximum term of imprisonment of twenty years, and a maximum of three years' supervised release. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.00 and may order forfeiture and restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office and the defendant agree that, although not binding on the Court or the

probation office, they will jointly recommend that the Court find that the readily provable loss amount attributable to the defendant is $2,968,603.05.

7. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any

trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

9. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

10. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the defendant further

understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

11. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

12. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further expressly waives his right to appeal based on arguments that (a) the statutes to which the defendant is pleading guilty are

unconstitutional and (b) the defendant's admitted conduct does not fall within the scope of the statutes. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

13. The defendant, in an individual and any other capacity, agrees to forfeit to the United States voluntarily and immediately all property, real or personal, which constitutes or is derived from proceeds traceable to the violation to which he is pleading guilty, pursuant to Title 18, United States Code, Section 981(a)(1)(C). Specifically, the defendant agrees to a forfeiture judgment in the amount of $9,453,461.95, and to the forfeiture of the contents of the following bank accounts:

   a. $2,823,993.66 recovered from Bank of America account number ending 0484 in the name of Lemare Transport, Inc.;

   b. $427,808.25 recovered from Ameris Bank account number ending 5233 in the name of T/Y International Inc.;

   c. $301,002.37 recovered from Ameris Bank account number ending 5990 in the name of Edgar A. Torres.

   d. $150,133.16 recovered from Ameris Bank account number ending 5552 in the name of Edgar A. Torres;

   e. $150,133.16 recovered from Ameris Bank account number ending 5578 in the name of Edgar A. Torres;

   f. $100,547.96 recovered from Ameris Bank account number ending 9843 in the

      name of T/Y International Inc.; and

    g. $100,126.11 recovered from Ameris Bank account number ending 5560 in the name of Edgar A. Torres.

14. The defendant knowingly and voluntarily agrees to waive his right to a hearing, pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), to determine what property is subject to forfeiture. Further, the defendant knowingly and voluntarily agree that he shall not, in any manner, act in opposition to the United States in seeking entry and full satisfaction of the forfeiture judgment, or in forfeiting the Assets.

15. The defendant knowingly and voluntarily agrees to waive the following rights with respect to the entry of the money judgment and the forfeiture of the Assets: (a) all constitutional, legal, and equitable defenses to such forfeiture; (b) any constitutional or statutory double jeopardy defense or claim regarding such forfeiture; (c) any claim or defense to such forfeiture brought or raised under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine; and (d) any right he may have to appeal of any resulting order of forfeiture.

16. The defendant also agrees to assist the Offices in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of any property, including substitute property, regardless of the nature or form of the property, real or personal, wherever located, which the defendant or others known to the defendant have accumulated as a result of the commission of the offense(s) of conviction. Such assistance shall include the identification of all assets subject to forfeiture, whether directly subject to forfeiture or as substitute assets, agreement to the entry of an order enjoining the transfer or encumbrance of such property, and the transfer of such assets to the United States, by delivery upon request, of all necessary and appropriate

7

documentation with respect to the assets, including consents to forfeiture, quit claim deeds, and any and all other documents necessary to deliver good and marketable title to said property and assets.

17. In furtherance of the identification of all assets subject to forfeiture and the collection of the forfeiture judgment, the defendant agrees to make full and accurate disclosure of his financial affairs to this Office and the United States Probation Office. Specifically, the defendant agrees that within 14 calendar days of the signing of this Plea Agreement, he shall submit a completed Financial Disclosure Statement (form provided by this Office), and shall fully disclose and identify all assets in which he has an interest and/or over which he exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. The defendant agrees to provide, in a timely manner, all financial information requested by this Office and the United States Probation Office, and, upon request, to meet in person to identify assets that are subject to forfeiture.

18. The defendant agrees that he will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset until the forfeiture judgment is paid in full without prior approval of the Offices. The defendant shall also identify any transfer of assets valued in excess of $5,000 since the date he became aware of the criminal investigation, including the identity of the asset, the value of the asset, the identity of any third party to who the asset was transferred, and the current location of the asset.

19. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 6/24/2019    By: _____
SHANNON SHAW
ASSISTANT UNITED STATES ATTORNEY

Date: June 24, 2019    By: _____
ATTORNEY FOR DEFENDANT

Date: JUNE 24, 2019    By: _____
EDGAR TORRES
DEFENDANT