UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20989-CR-RKA

UNITED STATES OF AMERICA

v.

**EDGAR TORRES,**

    **Defendant.**
_____/

## FACTUAL PROFFER

    Defendant, Edgar Torres (hereinafter referred to as "defendant" or "Torres"), his counsel, and the United States agree that, had this case proceeded to trial, the United States would have proven beyond a reasonable doubt, the following facts pertaining to a violation of Title 18, United States Code, Section 1349, which occurred in the Southern District of Florida:

    1.    Torres was the president and registered agent of Le Mare Transport, Inc. ("Le Mare"). Le Mare's principal address was in Medley, Florida. Torres also was the president and registered agent of T/Y Int'l, Inc. ("T/Y Int'l"), whose principal address was in Branford, Florida.

    2.    From at least March 2013 through December 2018, Torres conspired with Raoul Doekhie ("Doekhie"), Johnny Grobman ("Grobman"), Sherida Nabi ("Nabi"), and others to engage in a scheme to defraud the Victim Company, a manufacturer of infant formula. The purpose of the conspiracy was for Torres and his co-conspirators to unjustly enrich themselves by obtaining infant formula at deeply discounted prices from the Victim Company by falsely and fraudulently informing it that the infant formula was for distribution and use in Suriname, when, in fact, the defendants intended to, and did, sell the infant formula at a substantial profit and for their own enrichment to wholesalers, distributors, and others in the United States.

3. Torres assisted in the diversion of infant formula purchased from the Victim Company in several ways. At times, Torres would facilitate the shipment of the infant formula to Suriname, only so that it would then be shipped back to the United States. After the infant formula was returned from Suriname, Torres would receive the infant formula at his warehouse in Medley, Florida, at which point it would be picked up by Grobman or another distributor for distribution in the United States.

4. At other times, Torres would break open the seals on the victim company's shipping containers holding infant formula and replace nearly all of the infant formula with sheetrock or joint compound to match the weight of the infant formula on the export documentation provided to the Victim Company. Thus, when the shipping containers were weighed at the port prior to being exported, the weight of the containers would match the number contained in the export documentation. The export documentation also would falsely state that only infant formula was loaded onto the shipping containers for export to Suriname.

5. The diverted formula would then be picked up by Grobman or another distributor for distribution in the United States. Torres himself re-sold some of the diverted infant formula to distributors in the United States for a substantial profit. Pursuant to a profit-sharing agreement, Torres would split his profits with Nabi and Doekhie.

6. Torres and his co-conspirators effectuated their fraudulent scheme through the use of interstate and foreign wires, specifically, through interstate and foreign wire transfers and e-mail communications. Torres used personal bank accounts in his name and corporate bank accounts for Le Mare and T/Y Int'l at various banks in Miami-Dade County and elsewhere, in which he deposited money from this scheme and from which he transferred money from this

scheme to his co-conspirators. Additionally, during the course of the conspiracy, Torres, from Miami-Dade County, Florida, regularly would e-mail Nabi and Doekhie, who were outside the United States. For example, in an e-mail dated February 15, 2017, Torres, who was in Miami-Dade County, Florida, emailed Nabi and Doekhie, who were outside the United States, pictures of shipping containers loaded with sheetrock and a small amount of infant formula, as well as loading guides detailing the sheetrock and infant formula loaded into the containers.

7. The defendant knew at the time he engaged in the scheme that his conduct was wrong and unlawful.

These are not the only facts known to the United States in this matter. However, the parties stipulate that these facts prove the charged offense beyond a reasonable doubt and the forfeiture allegations by a preponderance of the evidence.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 6/24/2019   By: [signature] FOR
SHANNON SHAW
ASSISTANT UNITED STATES ATTORNEY

Date: June 24, 2019   By: [signature]
ATTORNEY FOR THE DEFENDANT

Date: June 24, 2019   By: [signature]
EDGAR TORRES
DEFENDANT

3